PER CURIAM.
This is a zoning dispute over property in Jefferson Parish zoned R-3, multifamily residential. An Exxon Corporation service station once operated on the site. The station had been closed for over a year on October 25, 1977, when Exxon filed a petition to have the zoning changed from R-3 to C-l,[1] commercial. Plaintiffs had made an offer to purchase in August contingent on the rezoning being granted. The Jefferson Parish Council denied the request on March 18, 1978. Plaintiffs, Patricia Coogan and William Stephan Lambert, purchased the property on August 21, 1978. On September 6, 1978, plaintiffs filed a “Petition for Injunction” alleging that the refusal to rezone the property was unreasonable, arbitrary and capricious and amounted to a taking without just compensation. Plaintiffs asked for an injunction ordering the Parish of Jefferson to amend its zoning ordinance and reclassify their property to C-l.
A mandatory injunction issued ordering the reclassification of the property described as Lots 23 and 24 of Square 3, Metairie Ridge Nursery Subdivision, Parish of Jefferson. The trial court concluded that plaintiffs had standing to contest the zoning as parties at interest under LSA-C.C.P. art. 681 and that the refusal to rezone the property was unreasonable, arbitrary and capricious for the following reasons: a six story office building with commercial uses is next door; the property fronts on Metair-ie Road, a Louisiana state highway which is a major traffic artery for Jefferson Parish and carries in excess of 16,000 cars per day; a gasoline service station existed on the tract for 50 years; and the property is surrounded by other commercial uses. The testimony established that the zoning change would not adversely affect the neighborhood, that retail-commercial would be the highest and best use of the property, and that there was no reasonable basis for the refusal to rezone.
The Court of Appeal affirmed the trial court judgment, 381 So.2d 1320 (La.App. 4 Cir. 1980). The dissenting judge stated that plaintiffs were barred from seeking judicial review by the thirty day limitation period in LSA-R.S. 33:4727. A writ was granted to review the application of that statute to plaintiffs’ suit. 385 So.2d 786 (La., 1980). The issue on appeal is whether that statute applies in this instance.
Title 33 of the Revised Statutes concerns municipalities and parishes. Chapter 14 entitled “Exercise of Police Power” deals in Part I with “Building Regulations.” Sub-Part A of Part I, Chapter 14, Title 33, is entitled “Municipal Zoning Regulations.” Section 4727 of that Sub-Part, LSA-R.S. 33:4727, provides that boards of adjustments may be established by local legislative bodies. A board of zoning adjustment hears and decides appeals in connection with zoning regulations. A board of zoning adjustment is not mandatory and there was no board of adjustment established here. The thirty day limitation period in LSA-R.S. 33:4727 only applies to those “aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the municipality.” Neither a municipality nor a board of adjustment is involved here. Therefore, the statute is inapplicable to plaintiffs’ suit.
For the foregoing reasons, the judgment of the trial and appellate courts is affirmed.
AFFIRMED.
MARCUS and LEMMON, JJ., dissent and assign reasons.

. The original request was for a change to C-2 but the request was modified after the public hearing on the rezoning.