579 So.2d 1197 (1991)
Jake A. SALTAMACHIA, Jr. et al.,
v.
PARISH OF JEFFERSON and the Jefferson Parish Council.
No. 90-CA-816.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
Darrell J. Saltamachia, Baton Rouge, for plaintiffs-appellants.
*1198 David L. Colvin, Gretna, for defendants-appellees.
Before KLIEBERT, C.J., and DUFRESNE, and GOTHARD, JJ.
DUFRESNE, Judge.
This is an appeal by Jake Saltamachia, Jr., et al., plaintiffs-appellants, from a judgment dismissing their suit for failure to state a cause of action against defendants-appellees, the Parish of Jefferson and the Jefferson Parish Council. For the following reasons we vacate that judgment and remand the case for further proceedings.
This is a zoning case. Plaintiffs' petition alleges the following facts. They are the owners of a lot in Jefferson Parish which is presently zoned residential (R-1). In late 1989, they filed an application with the Parish Planning Department to have the property rezoned to neighborhood commercial (C-1) on the grounds that the tract is presently surrounded by other commercial properties and that its value for residential use has thus been diminished. Upon denial of this application, they sought review of this decision by the Parish Council, which also denied them the relief sought. They further allege that the action by the Council was unreasonable, and an abuse of its powers.
In the prayer of their petition, plaintiffs asked for judgment "ordering that the property in question be re-zoned from residential, R-1, to commercial, C-1", by way of a writ of mandamus or alternatively by mandatory injunctive relief. The Parish Council urged in response to the petition and prayer, an exception of no cause of action, asserting that the court was without the authority to compel a legislative body to enact a particular ordinance. Apparently subscribing to this reasoning, the trial judge upheld the exception and dismissed plaintiffs' suit without prejudice. While we tend to agree that the specific relief sought by the plaintiffs lies beyond the power of the district court, to grant, we nonetheless vacate the judgment of dismissal because in our view it is based upon an overly technical construction of the pleadings.
Article 862 of La.Code Civ.Pro. provides that:
Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.
In the present case, our inquiry is thus whether proof of the facts recited in the petition would entitle plaintiffs to any relief, rather than simply whether such facts would entitle them to the specific relief sought in their prayer. See Williams v. Board of Zoning Adjustments, 444 So.2d 669 (La.App. 4th Cir.1984).
Plaintiffs clearly allege that the continued R-1 zoning of their property is an unreasonable exercise of the police power of the parish because commercial development of surrounding properties has rendered their lot unsuitable for such a restrictive use. In our opinion, these allegations are sufficient to state a cause of action justiciable in the courts.
We are aware, of course, that zoning ordinances are not lightly set aside by the courts, but that does not change the fact that such ordinances are subject to judicial scrutiny. In Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 672 (La.1975) (on rehearing) the court summarized the nature of such judicial proceedings as follows:
The authority to enact zoning regulations flows from the police power of the various governmental bodies; zoning is a legislative function. Courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or an excessive use of power. However, the exercise of a police power in zoning cannot be made without substantial relation to the health, safety and general welfare of the public. All ordinances are presumed valid; whoever attacks the constitutionality of an ordinance bears the burden of proving his allegation. (citations omitted)
*1199 Thus, while the party attacking the validity of a zoning ordinance has a difficult burden of proof, he nonetheless has a right to his day in court to attempt to meet that burden. The plaintiffs' pleadings here have sufficiently apprised both the defendants and the court of the nature of their dispute with the parish governing authority, and they are therefore entitled to have this dispute heard by the court.
As to the kind of relief to which plaintiffs may be entitled in the event they prevail at trial, we need not determine at this time. We do note, however, that the defendants' assertion that a legislative body cannot be compelled by the courts to enact a specific ordinance rezoning property from R-1 to C-1, is probably correct. Although we find no Louisiana case which has directly addressed this issue, we do find cases in other states which have. Thus, in City of Punta Gorda v. Morningstar, 110 So.2d 449 (Fla.App. 2nd Dist.1959) the court held that where it is determined that a zoning classification is unreasonably restrictive, the proper remedy is to so declare, and return the matter to the proper zoning authorities to correct the problem, rather than for the court to rezone the property itself. This latter action, the court reasoned, amounted to a usurpation by the courts of what is clearly a legislative function, and further pointed out that even though a zoning classification is found unreasonably restrictive, it is not for the court, but rather for the zoning authority, to say which less restrictive use is appropriate.
We finally point out that several Louisiana cases have held that declaratory judgment is an appropriate remedy for parties challenging the validity of a zoning ordinance, Villa Del Rey Citizens Assn. v. City of Baton Rouge, 233 So.2d 566 (La. App. 1st Cir.1970) (and cases cited therein).
In any event, it is our opinion that plaintiffs have stated a cause of action in this matter and for the foregoing reasons we vacate the judgment of dismissal and remand the matter to the district court for further proceedings.
JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.