Dear Mr. Stephens:
This office is in receipt of your request for an opinion of the Attorney General pursuant to a resolution of the St. Charles Parish Zoning Board of Adjustment. You question the legality of certain ordinances under consideration by the St. Charles Parish Council. You indicate two of these ordinances would limit the powers of the Board which in the St. Charles Parish Zoning Ordinance was granted the power to "vary or modify the application of any of the regulations or provisions of the ordinance", while the third would dissolve the Board entirely and have the council assume its functions.
R.S. 33:4727 states that the local legislative body may provide for the appointment of a board of adjustment. However, inCoogan v. Parish of Jefferson, 390 So.2d 515 (La 1980) the court recognized while R.S. 33:4727 provides that the board of adjustment hears and decides appeals in connection with zoning regulations, a board of adjustment is not mandatory.
R.S. 33:102 gives every parish authority to create by ordinance a planning commission, but in R.S. 33:103, which sets forth the composition of the commission, it is further provided "nothing herein shall diminish any power or authority already granted by a home rule charter or other law."
The St. Charles Parish Home Rule Charter in Art. III, Sec. (A)(7), in setting forth the powers and duties of the Parish Council, declares the Council may by ordinance, abolish or consolidate any Parish commission or provide for the consolidation and transfer of any of the functions of such commission. However, Art. III, Sec. C, which authorizes the Parish Council to establish Parish Departments in addition to those created by the Charter, and to prescribe the functions of all departments, further provides "except that no function assigned by this Charter to a particular department, office or agency may be discontinued or, unless this Charter specifically so provides, assigned to any other." The Home Rule Charter in Art. III, Sec. C(4) does provide that the Planning Commission heretofore created by the St. Charles Parish Police Jury shall continue and shall constitute the Zoning Commission which "shall exercise all the powers, duties and functions which are conferred or imposed on Parish Zoning Commissions by the general laws of the State or by special laws applicable to St. Charles Parish".
We do not find that the Zoning Board of Adjustment is provided for in the Home Rule Charter as is the Planning Commission, but from the information we have received, the Zoning Board of Adjustment was created by the Parish Council in October, 1981. Accordingly, under the Home Rule Charter the Council may by ordinance abolish any Parish department, office, agency, board or commission or transfer the functions of such board. This appears consistent with Art. VI, Sec. 15 of the Constitution wherein it is provided that the governing authority of a local governmental subdivision shall have general power over any agency created by it, "including, without limitation, the power to abolish the agency".
The wisdom of maintaining a Zoning Board of Adjustment so as to have decisions independent from council oversight is not a consideration that this office can make. This office is only faced with the question of the legality of the proposed ordinances by the Council to restrict action of the Board to vary or modify only listed regulations rather than "any" regulation, to restrict the granting of variations to the buffer zone requirements for industrial uses, or to dissolve the Board entirely and transfer the functions to the Parish Council.
We must conclude that the Zoning Board of Adjustment, being a creature of the Parish Council through an ordinance, can be dissolved or restricted by the Parish Council by ordinance since it is not provided for in the Home Rule Charter, and is distinguishable from the Zoning Commission.
We also find it pertinent to recognize in Lafourche ParishCouncil v. Autin, 648 So.2d 343 (La. 1995) the Louisiana Supreme Court found R.S. 33:1415(G) unconstitutional as applied to a parish operating under home rule charter noting that Art. VI, Sec. 6 of the Constitution prevents the legislature from affecting a home rule charter government's discretion to deploy its power and function unless that discretion is an abridgement of a reasonable exercise of the police power.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: July 15, 1996
Date Released:
BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL