779 So.2d 726 (2001)
LOUISIANA SUPREME COURT COMMITTEE ON BAR ADMISSIONS, ex rel. Daniel A. WEBB, Chair
v.
Gary R. ROBERTS, Dane S. Ciolino and Alfreda Tillman Bester.
No. 2000-OB-2517.
Supreme Court of Louisiana.
February 21, 2001.
*727 Daniel A. Webb, New Orleans, Clifton O. Bingham, Jr., Baton Rouge, Richard P. leyoub, Attorney General, Richard A. Sherburne, Jr., New Orleans, Counsel for Applicant.
Gary R. Roberts, Dane S. Ciolino, New Orleans, Alfreda Tillman Bester, Baton Rouge, Counsel for Respondent.
TRAYLOR, J.[*]
In this litigation, the Committee on Bar Admissions has invoked our original jurisdiction and has requested a declaratory judgment regarding issues surrounding its responses to a number of public records requests. Based upon the fact that the issues involved in this litigation have been addressed in large part by our decision in Alfreda Tillman Bester v. Louisiana Supreme Court Committee on Bar Admissions, No. 2000-OB-1360 (La.2/21/01), 779 So.2d 715, we deny the request for a declaratory judgment, as well as the reconventional demand filed by respondent Roberts.
This controversy principally concerns access to "model answers" or "grading guidelines" prepared by the members of the Committee on Bar Admissions. The Committee has received a number of public records requests from the respondents. Although the Committee responded to the public records requests through counsel,[1] it seeks a declaratory judgment that:
 All documents and records of the Committee other than certain reports and publications required by our Rule XVII, § 2 are not public records and not subject to public access.
 The Committee's responses to the respondents' public records requests constitute fulfillment of its ministerial duties under the Public Records Act.
 The Public Records Act does not require the Committee to gather or compile information from its various documents, whether the documents are subject to public access or not.
 The document retention provisions of the Public Records Act do not apply to Committee documents which do not constitute public records subject to public access.
 The Public Records Act does not require the Committee to maintain an office open to the public during any specified hours or days.
Respondents Roberts and Ciolino answered the petition and respondent Roberts *728 filed a reconventional demand, arguing the Committee's model answers or grading guidelines are public records and thus subject to public access. Respondent Alfreda Tillman Bester filed exceptions of improper joinder, no cause of action and lis pendens.

Basis for Granting Declaratory Relief
La.Code Civ. Proc. art. 1871 provides:
Declaratory judgments; scope
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
Trial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief. Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3rd Cir.11/2/95), 667 So.2d 552, 555. For a declaratory judgment to be granted, there must be a justiciable controversy, as courts are not permitted to issue advisory opinions based on a contingency which may or may not occur. Couvillion v. James Pest Control, Inc., 98-2382 (La.App. 4th Cir.3/3/99), 729 So.2d 172, 174. Courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. St. Charles Parish School Board v. GAF Corp., 512 So.2d 1165, 1170 (La.1987) (on rehearing) (borrowing citations omitted).

Conclusion
We decline to grant declaratory relief in this litigation principally because the main issue in this dispute (the confidentiality of the Committee's grading guidelines) has been resolved by our decision in Alfreda Tillman Bester v. Louisiana Supreme Court Committee on Bar Admissions, No. 2000-OB-1360. In that case, we reaffirmed our exclusive, plenary and inherent authority to regulate bar admissions. We held that the exercise of our inherent authority through the promulgation of bar admissions rules and our approval of the procedures used by the Committee on Bar Admissions served to protect the confidentiality of the Committee's grading guidelines/model answers, as well as the procedures in place regarding the destruction of bar examinations.[2] Specifically, the exercise of our inherent authority in the area of bar admissions was found to fall within the "except" clause of Article XII, § 3 of the Constitution.[3]
While the Public Records Law may be used to guide or aid us in the exercise of our inherent authority, that law may not frustrate and impede our authority to regulate in the area of bar admissions. Based upon the record before us, we are unable to ascertain how the legal principles we announced in Bester would apply, for example, with regard to the office hours and days of operation of the Committee on Bar Admissions. Because the issues involved in this litigation may be controlled in large part by our decision in Bester, and because of our concern that the record before us does not allow us to offer more than an advisory opinion on the issues which may not be directly addressed in Bester, we decline to grant declaratory relief.
Petition for Declaratory Relief denied; Reconventional Demand denied.
NOTES
[*] James Gulotta, Associate Justice Pro Tempore, sitting for Lemmon, J.
[1] Paragraph 8, Petition for Declaratory Judgment.
[2] The reconventional demand filed by respondent Roberts has been squarely addressed in Bester.
[3] Article XII, § 3 of the 1974 Constitution provides that "[n]o person shall be denied the right to ... examine public documents, except in cases established by law."