1MURRAY, J.,
Concurs with Reasons.
I concur in the result reached by the majority. I agree that Code of Civil Procedure article 1872 would allow an adopted person to seek a declaratory judgment to determine her rights or status under an authentic act of adoption, which is arguably a contract, but only where there is a question of construction or validity that arises under the instrument itself. In the instant case, there was no question or controversy that arose under the act of adoption; instead, Ms. Hernandez sought to annul her adoption merely to preserve her right to maintain the wrongful death action she had already filed on behalf of her biological mother. Because there was no justiciable controversy, the declaratory judgment nullifying the adoption was improper as a matter of law, and the trial court erred by giving effect to it.
It is well settled that for a declaratory judgment to be granted, there must be a “justiciable controversy.” Louisiana Supreme Court Committee v. Roberts, 2000-2517, p.3 (La.2/21/01), 779 So.2d 726, 728. Implicit in this rule is not only the requirement of “justiciability,” which precludes courts from deciding abstract, hypothetical or moot controversies, or rendering advisory opinions, but also the underlying requirement that there be a “controversy,” which presupposes some element of adversity. Thus, C.C.P. article 1875 grants the courts broad authority to Rgrant a declaratory judgment “in any proceeding.. .in which [such] a judgment.. .will terminate the controversy or remove an uncertainty.” Similarly, the companion article, article 1876, states that a court may refuse to render a declaratory judgment in a case where the judgment “would not terminate the uncertainty or controversy giving rise to the proceeding.” In the instant case, however, the declaratory judgment action did not arise from any controversy or question concerning the adoption; nor was there any adversity or even an adverse party, as the adoptive parent was deceased. Therefore, I believe the declaratory judgment was invalid as a matter of law when rendered.
Although a declaratory judgment is subject to review by the appellate court as is any other judgment (C.C.P. article 1877), such review is virtually impossible in the absence of any adverse party to seek review. In this case, the DOTD is not an adverse party to the adoption, but is an interested party in the action for declaratory judgment; its interest arises out of the real controversy between it and the plaintiff concerning her biological mother’s death. As noted by the majority, C.C.P. article 1880 requires that when declaratory relief is sought, “all persons who have or claim any interest which would be affected by the declaration” be made parties to the action, and the declaration cannot not “prejudice the rights of persons not parties to the proceeding.” Despite this article, DOTD was not notified or made a party; therefore, it could not have been required to appeal or otherwise directly attack the judgment. In this instance, DOTD’s exception was proper, and once the plaintiff opposed the exception by relying on the declaratory judgment, DOTD’s collateral attack on the validity of such a judgment was a proper defense which DOTD, in equity, had a right to assert. In my view, it then became the plaintiffs burden to prove that the declaratory judgment was valid and proper, which she did not do (and could not have done) given the circumstances under which it was rendered. Therefore, I find the trial court erred by denying DOTD’s [.¡exception of no right of action. For these reasons, I respectfully concur in the majority’s reversal of the trial court’s judgment in favor of Ms. Hernandez.
KIRBY, J., Concurs for the Reasons Assigned by Judge MURRAY.