PER CURIAM.
12After review of the record in this case we found that the Motion for New Trial filed in the trial court may have been untimely submitted to the Jefferson Parish Clerk of Court, thereby rendering this appeal untimely. Therefore, on October 23, 2009 we ordered the appellant to show cause why this appeal should not be dismissed for untimeliness. We also ordered the appellee to respond.
In response to our order the appellant was granted leave to supplement the record. The exhibits supplemented into the record by appellant makes out a prima facie case that the Motion for New Trial was originally fax filed timely and that the original motion and correct fee was timely mailed to the clerk of court to complete the filing in a timely manner in compliance with LSA-R.S. 13:850. The record, however, indicates that the clerk did not clock the Motion for New Trial and actually file the pleading into the record within the delays allowed by law. No explanation for this delay has been made to the court. Therefore, we remand the case to the trial court for an evidentiary hearing to determine the timeliness of appellant’s filing of the Motion for New Trial. We |3mstruct the trial judge to make a factual finding as to whether the fax filing was timely.
Subsequent to that finding, we instruct the Clerk of the 24th Judicial District Court to supplement the appellate record with the transcript of the evidentiary hearing, including the trial judge’s factual finding within fifteen (15) days of the disposition.
In view of the remand, this case is removed from the November 3, 2009 docket.
Upon the lodging of the supplementation, the appeal will be re-docketed on the next available docket.

REMANDED TO TRIAL COURT WITH INSTRUCTIONS