FREDERICKA HOMBERG WICKER, Judge.
 

 laThis zoning matter concerns a judgment sustaining exceptions of no right of action and no cause of action.
 
 [1]
 
 Jacqueline Daigle, plaintiff/appellant, filed a petition against the Parish seeking, among other things, judicial review of the Jefferson Parish Council’s decision to deny her application for a building permit for a retail store. She appeals the judgment in favor of defendants/appellees, the Jefferson Parish Council and the Parish of Jefferson (the Parish), sustaining their exceptions of no right of action and no cause of action, Finding that the trial judge erred in sustaining the exception of no cause of action, we reverse in part. We amend in part that portion of the judgment sustaining the exception of no right of action to allow the Plaintiff an °PP“f unity to amend,
 

 |
 
 ^Procedural History
 

 The Parish denied a permit to operate a retail business finding that the property was not zoned as a commercial property. Ms. Daigle then sought to have the property rezoned. The Jefferson Parish Planning Advisory Board and the Jefferson Parish Council denied Ms. Daigle’s request for rezoning and Ms. Daigle filed a petition in the 24th Judicial District Court alleging the following:
 

 In 2007, before purchasing the property, which was in a mixed residential and commercial area, Ms. Daigle met with an employee of the Jefferson Parish Office of Inspection and Code Enforcement and was assured that the property was suitably
 
 *1066
 
 zoned as “Cl.” Based on that assurance, she purchased the property. However, her building permit was denied and she was then informed that the property was not zoned for a commercial business but rather was zoned as residential or “R1A.” She filed a rezoning application with the Jefferson Parish Planning Department. That department recommended that the property be changed to “Cl” and that the future land use be changed from low-medium density residential, or “LMR” to low-intensity commercial or “LIC.” The Planning Department’s proposal was heard at a public hearing of the Planning Advisory Board on June 12, 2008, at which time the proposal was denied. Ms. Daigle appealed the decision of the Board to the Jefferson Parish Council, which affirmed the Board’s decision on August 20, 2008. Ms. Daigle now alleges that the Parish arbitrarily, capriciously, and unreasonably denied her application for rezoning. And, those actions have deprived her of her constitutional right to use her land. She further asserts that she is entitled to damages and attorney’s fees. She prayed that the district court reverse the denial of her building permit application and issue a writ of mandamus directing the Parish to approve her building permit application.
 

 pThe Parish filed an exception of no cause of action on the basis that Ms. Dai-gle could not pursue a writ of mandamus since a writ of mandamus may not issue to compel performance of an act containing any element of discretion. The Parish also argued that in the prayer, Ms. Daigle asked for a building permit rather than asking that the Parish issue a rezoning classification. With regard to the exception of no right of action, the Parish asserted that Ms. Daigle had no right of action because she transferred her interest in the property to Good Brothers Properties LLC.
 

 At the hearing, Ms. Daigle’s counsel admitted that on the date the instant petition was filed, Good Brothers owned the property at issue. Counsel stated that the trial judge had the discretion to allow Ms. Dai-gle to add Good Brothers as a party in order to cure any problem.
 

 The Parish’s counsel stated he had no problem in allowing the amendment although he believed that the only proper party was Good Brothers. He argued, however, that he still had an exception of no cause of action as to the suit seeking a writ of mandamus.
 

 In response, Ms. Daigle’s counsel argued that the Parish was obligated to zone the property as it was listed as “Cl” on the Parish’s website.
 

 The trial judge stated that in effect, Ms. Daigle was asking him to do something for which he had no authority — to order the Parish to issue a building permit and effectively rezone the property — a purely legislative function. He sustained the exceptions of no cause of action and no right of action.
 

 Specifications of Error
 

 |fiMs. Daigle argues on appeal that the trial court erred in sustaining the exception of no cause of action for these reasons: (1) The Jefferson Parish Code of Ordinances, Section 40-882 affords her an appeal from the denial of the rezoning. (2) She is asking that the property be declared improperly zoned and such a suit for declaratory judgment is the appropriate procedural remedy.
 

 The Parish responds that contrary to Ms. Daigle’s assertion, she did not seek a declaratory judgment but rather sought a writ of mandamus. The Parish further argues that Ms. Daigle did not present any evidence to show that the Parish Council’s denial of her zoning change was arbitrary, capricious, or unreasonable.
 

 
 *1067
 
 Ms. Daigle argues that the trial judge erred in failing to allow her the opportunity to amend the petition to add Good Brothers as a party plaintiff. The Parish responds that the trial judge did not abuse his discretion in this regard.
 

 No Cause of Action
 

 The exception of no cause of action is triable on the face of the pleadings, and for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition are accepted as true in order to determine whether the law affords a remedy on the facts alleged in the petition.
 
 Scheffler v. Adams and Reese, LLP,
 
 06-1774, p. 5 (La.2/22/07), 950 So.2d 641, 646. Because the exception of no cause of action raises a question of law and the trial court’s decision is based solely on the sufficiency of the petition, review of the trial court’s ruling on an exception of no cause of action is
 
 de novo. Id.
 
 The pertinent question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for relief.
 
 Id.
 

 La.R.S. 33:4721 provides that “[f|or the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of all municipalities may regulate ... the location and use of the buildings, structures, |f,and land for trade, industry, residence, or other purposes[.]” However, such authority is allowed “provided that zoning ordinances enacted by the governing authority of municipalities or the acts of the zoning commission, board of adjustment ... or zoning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process, provided, further, that the right of judicial review of a zoning ordinance shall not be limited by the foregoing.”
 
 Id.
 
 Jefferson Parish Ordinance Section 40-882 affords judicial review of council decisions.
 
 [2]
 

 Our jurisprudence clearly states that zoning is a legislative function, the authority for which flows from the police power of governmental bodies.
 
 King v. Caddo Parish Com’n,
 
 97-1873, p. 14 (La.10/20/98), 719 So.2d 410, 418 (citations omitted). Because zoning falls under the jurisdiction of the legislature, courts will not interfere with their prerogative unless their action is palpably erroneous and without any substantial relation to the public health, safety or general welfare.
 
 Id.
 
 The test of whether a zoning board’s action
 
 [3]
 
 is arbitrary and capricious is whether the action is reasonable under the circumstances.
 
 Id.
 
 (Footnote added). A reviewing court does not consider whether the district court manifestly erred in its findings, but whether the zoning board
 
 [4]
 
 acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion. 97-1873 at 15, 719 So.2d at 418 (citation and quotations omitted; footnote added). A challenge to a zoning decision in Louisi
 
 *1068
 
 ana is a
 
 de novo
 
 proceeding in which the issue is whether the result of the | legislation is arbitrary and capricious, and therefore a taking of property without due process of law.
 
 Palermo Land Co., Inc. v. Planning Com’n of Calcasieu Parish.,
 
 561 So.2d 482, 492 (La.1990) (citations and footnote omitted). Whether an ordinance bears the requisite relationship to the health, safety and welfare of the public is a factual question which must be determined from the evidence in the record. “If it appears appropriate and well founded concerns for the public could have been the motivation for the zoning ordinance, it will be upheld.”
 
 Id.
 

 In
 
 Jenniskens v. Parish of Jefferson,
 
 06-252, pp. 2-3 (La.App. 5 Cir. 10/17/06), 940 So.2d 209, 211,
 
 tm~i.t denied,
 
 06-2808 (La.2/16/07), 949 So.2d 425, this Court applied the arbitrary, capricious, and unreasonable test to a zoning dispute. In
 
 Jen-niskens,
 
 the plaintiffs asserted that the Parish Council’s denial of the zoning change was arbitrary and capricious, and requested that the trial court grant an injunction and order the Parish, through its governing body, the Parish Council, to grant the zoning change. The trial judge granted an injunction. This Court reversed the judgment of the trial court, finding that the Council’s denial of the rezoning request was not arbitrary and capricious.
 

 Ms. Daigle alleged that the Parish acted arbitrarily, capriciously, and unreasonably in denying her application for rezoning and that those actions have deprived her of her constitutional right to use her land. She asked for a reversal of that action. We find that Ms. Daigle has alleged sufficient facts to state a cause of action for judicial review of the Parish’s denial of her zoning request on the basis that those actions were arbitrary, capricious, and unreasonable.
 

 Ms. Daigle also argues that she is seeking a suit for declaratory judgment. A suit for declaratory judgment is an appropriate vehicle to test the validity of an ordinance.
 
 Bayou Liberty Association, Inc. v. St. Tammany Parish Council,
 
 OS-1228, p. 6 (La.App. 1 Cir. 6/9/06), 988 So.2d 724, 728 (citations omitted). In
 
 \%Bayou Liberty,
 
 the plaintiffs challenged the council’s approval of an ordinance that rezoned adjacent property. They asked the court to declare the zoning decision void. The court concluded that the plaintiffs’ petition stated a cause of action.
 

 Technically, Ms. Daigle’s petition did not pray that the council’s action be declared void. Instead, she prayed for writs of certiorari and mandamus.
 

 This case is similar to
 
 Saltamachia v. Parish of Jefferson,
 
 579 So.2d 1197 (La. App. 5 Cir.1991). In
 
 Saltamachia-,
 
 this Court concluded that the plaintiffs stated a cause of action. The plaintiffs filed an application to have them property rezoned, which was denied. They sought review of the council’s decision on the basis that the council acted unreasonably and it abused its powers. 579 So.2d at 1198. In their prayer, the plaintiffs asked the court to order the property to be rezoned by way of a writ of mandamus or alternatively through mandatory relief.
 
 Id.
 
 The Parish filed an exception of no cause of action on the basis that the court lacked the authority to compel a legislative body to enact a particular ordinance. While this Court tended to agree that the district court lacked the power to compel the Parish to enact a particular ordinance, the Court nonetheless vacated the judgment dismissing the petition. It did so “because ... [the dismissal was] based on an overly technical construction of the pleadings.”
 
 Id.
 
 The Court did not limit its analysis of the cause of action to the prayer. Rather, the Court inquired as to “whether proof of
 
 *1069
 
 the facts recited in the petition would entitle the plaintiffs to any relief, rather than simply whether such facts would entitle them to the specific relief sought in the prayer.”
 
 Id.
 
 (Citation omitted.) Although the Court noted that the defendants’ assertion that a legislative body cannot be compelled by a court to enact a specific ordinance rezoning property was probably correct, the Court, however, declined to determine the type of relief to which the plaintiffs might be entitled. 579 So.2d at 1199.
 

 1^Therefore, in accordance with
 
 Salta-machia,
 
 we do not limit our analysis of the cause of action to the prayer. Considering that the facts recited in the petition entitle the plaintiff to relief — based on judicial review of an alleged arbitrary, capricious and unreasonable denial of an application for rezoning — we conclude that Ms. Dai-gle’s petition has stated a cause of action.
 

 As in
 
 Saltamachia,
 
 we decline to determine the type of relief to which the plaintiff might be entitled. Thus, we pretermit a consideration of whether a writ of mandamus is an appropriate remedy in this case.
 
 [5]
 

 The Parish argues that Ms. Daigle did not present any evidence to show that the Parish Council’s denial of her zoning change was arbitrary, capricious, or unreasonable. A court exceeds the limited scope of an exception of no cause of action by reaching the merits.
 
 Farruco, Inc. v. West Baton Rouge Parish Governing Council,
 
 01-1086 (La.6/15/01), 789 So.2d 568, 569 (per curiam). Thus, we do not determine whether Ms. Daigle will prevail on the merits in obtaining relief.
 

 In sum, we conclude that the trial judge erred in sustaining the exception of no cause of action and reverse that judgment.
 

 No Right of Action
 

 Ms. Daigle argues that the trial judge abused his discretion in not allowing her to amend the petition.
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the ^exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, the action shall be dismissed. La.C.C.P. art. 934.
 

 It is undisputed that Good Brothers owned the property on the date that the petition was filed. Thus, the trial judge properly sustained the exception of no right of action. However, we cannot say that as a matter of law, Ms. Daigle is unable to amend her petition to state a right of action. Since the grounds for the objection could possibly be removed by adding Good Brothers as a party plaintiff, we amend the judgment sustaining the exception of no right of action to allow Ms. Daigle the opportunity to amend her petition in the district court to state a right of action.
 

 
 *1070
 

 Decree
 

 The trial court’s judgment sustaining the exception of no cause of action is reversed. We render judgment denying the exception of no cause of action. The trial court’s judgment sustaining the exception of no right of action is amended and as amended affirmed. The matter is remanded to the trial court for proceedings consistent with La.C.C.P. art. 934 and this opinion. The trial court is instructed to allow Ms. Daigle the opportunity to amend her petition to add Good Brothers as a party plaintiff and assert, if possible, facts sufficient to support a showing that both she and Good Brothers have a right of action; provided that such an amendment must be filed within thirty days from the date that the opinion becomes final, in default of which, Ms. Daigle’s petition against the Parish defendants may be dismissed by the trial court.
 

 REVERSED AND RENDERED IN PART; AFFIRMED IN PART AS AMENDED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Concerned that the devolutive appeal was untimely because the motion for new trial might have been untimely filed, this Court on November 3, 2009 remanded this matter to the district court with instructions that the court conduct an evidentiary hearing and determine the timeliness of appellant's facsimile filing of the motion for new trial.
 
 Daigle v. Jefferson Parish Council,
 
 09-440 (La.App. 5 Cir. 11/3/09), - So.2d -, 2009 WL 3644729 (per curiam). The trial court rendered a judgment on December 7, 2009 in which the court found that the motion for new trial was properly deposited into the United States mail, postage prepaid, together with all applicable filing fees, on November 14, 2008. Therefore, the trial judge concluded that the facsimile filing of the motion was timely because within five days, exclusive of legal holidays, alter the clerk of court had received the transmission, the appellant forwarded the required pleading and fees.
 
 See:
 
 La.R.S. 13:850(B). In
 
 Hunter v. Morton’s Seafood Restaurant & Catering,
 
 08-1667, pp. 5-6 (La.3/I7/09), 6 So.3d 152, 156, the Louisiana Supreme Court expressly overruled those cases, which held that the date of the required filing was the date of receipt. The Court held that to “forward" a document as required in the facsimile filing statute, a litigant must only send the document. Although the clerk stamped the filing date as the date the court received the filing, under
 
 Hunter,
 
 that date is not dispositive. Here there was undisputed evidence that the appellant timely mailed the required document and fees. Therefore, the appeal is timely.
 

 [2]
 

 .
 
 Compare:
 
 La.R.S. 33:4780.47(A) and La. R.S. 33:4727(E)(1), which provide for judicial review from the board of adjustment’s zoning decisions. La.R.S. 33:4727(E)(5) and La.R.S. 33:4780.47(E) authorize the district court to "reverse or confirm, wholly or in part, or [mjodify the decision brought up for review.”
 

 [3]
 

 . In Jefferson Parish, where the present case originated, the Jefferson Parish Council performed this function. The same standard of review, therefore, must apply to the Council’s decisions in these matters.
 
 See: Coogan
 
 v.
 
 Jefferson Parish,
 
 381 So.2d 1320, 1322 (La. App. 4 Cir. 1980),
 
 affirmed, Lambert v. Jefferson Parish,
 
 390 So.2d 515 (La. 1980).
 

 [4]
 

 .See infra,
 
 note 3.
 

 [5]
 

 . Courts have approved a judgment ordering the issuance of a permit or directing reclassification where the action was wrongful or unreasonable, arbitrary and capricious in denying the request for a zoning change.
 
 Morton v. Jefferson Parish Council,
 
 419 So.2d 431, 436 (La. 1982) (The decree was amended to order approval of the plaintiff's application);
 
 Coogan v. Jefferson Parish,
 
 381 So.2d 1320, 1325 (La.App. 4 Cir. 1980),
 
 affirmed, Lambert v. Jefferson Parish,
 
 390 So.2d 515 (La. 1980) (The court affirmed the judgment of the trial court, directing the Parish of Jefferson to change the classification of certain lots to a C-l commercial zoning classification.);
 
 Kiser v. Parish of Jefferson,
 
 498 So.2d 115, 116, 120 (La.App. 5 Cir. 1986),
 
 writ denied,
 
 500 So.2d 423 (La. 1987) (The Court ordered the Parish Council to grant the request.).