STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0808

PETER TRUITT AND LYNDA TRUITT

VERSUS

WEST FELICIANA PARISH GOVERNMENT, WEST FELICIANA PARISH
COUNCIL, AND WEST FELICIANA PARISH PLANNING AND
ZONING COMMISSION

**Judgment Rendered:  FEB 2 1 2020**

* * * * * *

On appeal from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Docket Number 23377

Honorable William G. Carmichael, Judge Presiding

* * * * * *

Robert L. Atkinson                    Counsel for Plaintiffs/Appellants
Justin B. Schmidt                     Peter Truitt and Lynda Truitt
Thomas R. Temple, Jr.
Carroll Devillier
Baton Rouge, LA


Dannie P. Garrett, III                Counsel for Defendants/Appellees
Baton Rouge, LA                       West Feliciana Parish Government,
                                      West Feliciana Parish Council, and
                                      West Feliciana Parish Planning and
                                      Zoning Commission

* * * * * *

BEFORE:  WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

In this zoning case, the plaintiffs appeal from a judgment granting a peremptory exception of no cause of action filed by the named defendants. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This matter arises from the actions of the West Feliciana Parish Planning and Zoning Commission (Commission) and the West Feliciana Parish Council (Parish Council) in recommending and approving a zoning map amendment. The plaintiffs, Peter Truitt and Lynda Truitt (the Truitts), appeal the Parish Council's October 8, 2018 approval of a request to rezone 29.9 acres of property located in St. Francisville, Louisiana from an R-A, residential agriculture zoning district, to a C-2, general commercial zoning district. The Truitts own an approximate 132-acre parcel that abuts the property which is the subject of the zoning map amendment. The Truitts' primary residence is situated on the southern border of the subject property.

On or about November 5, 2018, the Truitts filed a petition to have the Parish Council's decision approving the rezoning of the aforementioned property overturned. Named as defendants in the petition were the West Feliciana Parish Government, Parish Council, and Commission. The petition sets forth a multitude of facts describing the actions of the Parish Council and Commission, as well as the actions of the members and staffs of those two bodies, in the process of approving the zoning map amendment.

In response to the Truitts' petition, on or about December 3, 2018, the named parties filed a dilatory exception of lack of procedural capacity and peremptory exception of no cause of action. On January 23, 2019, a hearing on the exceptions was held, and after taking the matter under advisement, the trial court issued written reasons. The trial court concluded that neither the Parish Council nor

the Commission "were given independent juridical capacity ... but are only parts of the West Feliciana Parish Government." The trial court also decided that the stated allegations did not "arise to the level of arbitrary or capricious action on the part of the West Feliciana Parish Government."

Consistent with its written reasons, the trial court rendered judgment on February 25, 2019, granting the exception of lack of procedural capacity as to the Parish Council and Commission, and granting the peremptory exception of no cause of action. The petition was dismissed with prejudice. Now, the Truitts appeal that portion of the judgment granting the exception of no cause of action and assign the following errors: the trial court erred in granting the exception of no cause of action where the procedures utilized by the West Feliciana Parish Government to approve the zoning map amendment (1) violated applicable zoning ordinances and (2) "were an arbitrary and capricious abuse of discretion that was unreasonable under the circumstances."[2]

## DISCUSSION

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Ramey v. DeCaire, 03-1299, p. 7 (La. 3/19/04), 869 So. 2d 114, 118. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Ramey, 03-1299 at p. 7, 869 So. 2d at 118.

Generally, no evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. All facts pled in the petition

---

[2] The plaintiffs were granted an appeal from the trial court's February 25, 2019 judgment. (R. 150-153) However, on appeal, issues pertaining to the dilatory exception were not urged by brief or otherwise. Therefore, we do not address the dilatory exception and deem any appeal of that exception abandoned. See Rule 1-3, Uniform Rules, Courts of Appeal; McNamara v. The Electrode Corporation, 418 So. 2d 652, 654 n.1 (La. App. 1st Cir. 1982).

must be accepted as true, and any doubts are resolved in favor of the sufficiency of the petition to state a cause of action. Bayou Liberty Ass'n, Inc. v. St. Tammany Parish Council, 05-1228, p. 6 (La. App. 1st Cir. 6/9/06), 938 So. 2d 724, 728. The only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. If the petition alleges sufficient facts to establish a case cognizable in law, the exception raising the objection of no cause of action must fail. In addition, when a petition states a cause of action as to any ground or portion of a demand, the exception should be overruled. Bayou Liberty Ass'n, Inc., 05-1228 at p. 7, 938 So. 2d at 728. Appellate courts review a judgment sustaining a peremptory exception raising the objection of no cause of action de novo. Ramey, 03-1299 at p. 7, 869 So. 2d at 119.

Further, a challenge to a zoning decision in Louisiana is a de novo proceeding on the issue of whether the result of the legislation is arbitrary and capricious. Palermo Land Co., Inc. v. Planning Com'n of Calcasieu Parish, 561 So. 2d 482, 492 (La. 1990). Zoning falls under the jurisdiction of the legislature, and as such, courts will not interfere with their prerogative unless the action is palpably erroneous and without any substantial relation to the public health, safety, or general welfare. Toups v. City of Shreveport, 10-1559, p. 3 (La. 3/15/11), 60 So. 3d 1215, 1217. As provided for in La. R.S. 33:4721,

> [f]or the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of all municipalities may regulate and restrict ... the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes; provided that zoning ordinances enacted by the governing authority of municipalities or the acts of the zoning commission, board of adjustment as herein provided for, or zoning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process ... .

Appellate review of a district court judgment regarding its consideration of a zoning board decision does not consider whether the district court manifestly erred

4

in its findings, but whether the zoning board acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion. King v. Caddo Parish Commission, 97-1873, pp. 14-15 (La. 10/20/98), 719 So. 2d 410, 418. The terms "arbitrary and capricious" mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached. Toups, 10-1559 at pp. 3-4, 60 So. 3d at 1217. When the propriety of a zoning decision is debatable, it will be upheld. Palermo Land Co., Inc., 561 So. 2d at 493.

In this case, there are numerous allegations made by the plaintiffs against the West Feliciana Parish Government through the Parish Council, the Commission, and their respective staff, to include: (1) a select number of Commission members lacked the requisite number of training hours; (2) a commissioner made a public misstatement of law at a commission meeting; (3) a member of the Parish council and the Parish President made public statements in favor of the zoning map amendment; (4) the Commission and Parish Council relied, inappropriately, on an oral promise from the zoning applicant about how the subject property would be used; (5) a Council member worked with the zoning applicant in advance of the public hearing; (6) the Commission failed to consider or suggest that a Planned Unit Development District be implemented; (7) the Commission and Parish Council failed to consider review criteria relevant to the West Feliciana Parish Ordinances and a zoning map amendment; and (8) the Commission and Parish Council failed to consider the West Feliciana Parish Comprehensive Plan ("master plan") in violation of La. R.S. 33:109(B). The plaintiffs further assert that the actions of the Parish Council and Commission were arbitrary and capricious and that "[p]erhaps most significantly, the Planning and Zoning Commission acted

5

arbitrarily and capriciously in recommending the approval of the Zoning Map Amendment because it <u>clearly failed to follow the statutory requirements</u> ... of the Planning and Zoning Chapter." Under the West Feliciana Parish Code of Ordinances, Article 5, Section 135-154(i)(4)(b), when taking up a zoning map amendment, the Planning and Zoning commission *shall consider* the recommendation of the administrator, relevant comments of all interested parties, and the review criteria of subsection (i)(6).[3] (Emphasis added.) Additionally, Section 134-154(i)(5)(b) provides that the Parish Council *shall consider* the recommendations of the administrator, Commission, relevant comments of all interested parties and the above-mentioned review criteria. (Emphasis added.)

In ruling on the plaintiffs' petition, the trial court stated in its reasons for judgment, "Though the allegations may show some clerical or procedural irregularities, none, taken together or individually, if true, arise to the level of arbitrary or capricious action on the part of the West Feliciana Parish Government." We find, however, that the plaintiffs have alleged sufficient facts to state a cause of action, particularly where the plaintiffs allege that the Commission and Parish Council failed to consider the seven review criteria set forth in Section 135-154(i)(6).

---

[3] Under Article 5, Section 135-154(i)(6), review criteria for a zoning map amendment include:

    a. The proposed zoning map amendment is consistent with the pertinent elements of the parish comprehensive plan;

    b. The proposed zoning map amendment is consistent with the areas designated context;

    c. The proposed zoning map amendment will reinforce the existing or planned character of the neighborhood;

    d. The site is appropriate for the development allowed in the proposed district;

    e. There are substantial reasons why the property cannot be used according to the existing zoning;

    f. The capacity of public facilities and services including schools, roads, recreation facilities, wastewater treatment, water supply and stormwater facilities, police, fire and emergency medical services are adequate for the development allowed in the proposed district; and

    g. The zoning map amendment will not substantially or permanently injure the appropriate use of adjacent conforming properties.

Specifically, the plaintiffs herein assert that the Commission is legally obligated to make a good faith effort in meeting the statutory requirements of Section 135-154(i)(4)(b), noting, in accordance with the ordinance, that they "shall" consider the seven review criteria. The plaintiffs allege that "no such consideration" is contained in the produced public records. In addition, they allege that the Planning and Zoning Department's internal records on the proposed zoning map amendment are "**completely devoid** of any formal or informal notes, observations, written reports, minutes from internal discussions ... or a more formal written preliminary staff report," which would indicate that a good faith effort was made to comply with Section 135-154(i), and that the Parish Council took action on the zoning map amendment without considering the review criteria. Accepting the allegations in the petition as true, the plaintiffs, thus, have alleged facts sufficient to give rise to an action based on the failure of the West Feliciana Parish Government to consider the review criteria, amounting to actions which are arbitrary and capricious, or an abuse of discretion.

In Bayou Liberty Ass'n, this court found that the defendant parish council had abused its discretion by violating a parish zoning ordinance. This court thus reversed the decision of the trial court, which had granted the defendant's exception of no cause of action. Bayou Liberty Ass'n, 05-1228 at p. 8-9, 938 So. 2d at 729. Here, while we recognize that the underlying facts and allegations in Bayou Liberty Ass'n differ from those in the present action, it is nonetheless our opinion that the plaintiffs have stated a cause of action by alleging facts to show a violation of the West Feliciana Parish Code of Ordinances. Having so found, we pretermit any discussion of the plaintiffs' remaining allegations and assignment of error.

**CONCLUSION**

For the foregoing reasons, the February 25, 2019 judgment of the trial court granting the exception of no cause of action filed by the West Feliciana Parish Government, West Feliciana Parish Council, and West Feliciana Parish Planning and Zoning Commission is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the appellees, the West Feliciana Parish Government, West Feliciana Parish Council, and West Feliciana Parish Planning and Zoning Commission.

**REVERSED AND REMANDED.**