PER CURIAM.
|!At issue in this ease is whether the court of appeal erred in finding the Shreveport City Council acted arbitrarily and capriciously in denying a special exception use for a proposed liquor store. For the reasons that follow, we conclude the Council’s decision was not arbitrary and capricious, and therefore reverse the judgment of the court of appeal.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Roland Toups, individually and on behalf of Thrifty Liquor Store, filed an application with the Shreveport Metropolitan Planning Commission (“MPC”) seeking to change the zoning on a parcel of property on Bert Kouns Industrial Loop from R-A (residence/agriculture districts) to B-3 (community business districts), so he could build a liquor store at the site.[1] The proposed store would sell packaged liquor of both low and high alcoholic content, including beer, wine, bourbon, scotch, whiskey, and vodka. The facility would also have a drive-thru window. Following a public hearing, the MPC voted to recommend approval of the zoning change.
^Additionally, Mr. Toups filed an application with the Zoning Board of Appeals (“ZBA”) to allow a special exception use for the sale of high alcoholic content beverages. The application specifically requested a special exception use for packaged liquor, wine, and beer. The ZBA unanimously approved the application.
Thereafter, the pastor of Calvary Baptist Church, which is located approximately 1500 feet from the proposed liquor store site, appealed the MPC and ZBA decisions to the Shreveport City Council (“Council”). *1217 Following a lengthy and well-attended public meeting, the Council voted to overturn both decisions.
Mr. Toups filed a petition in the district court for review of the Council’s action reversing the MPC and ZBA decisions.[2] The City of Shreveport (“City”) answered, asserting the Council’s decisions to reverse the MPC and ZBA rulings were based on due consideration of the public health, safety, and general welfare of the municipality.
After a trial and de novo review, the district court affirmed the Council’s decision denying the special exception use.[3] The district court found the Council’s decision was not arbitrary, capricious, or unreasonable. Although the district court recognized several other businesses in the area had special exception uses to sell beer and wine, it found Mr. Toups’ proposed liquor store would sell such high alcohol content liquor as bourbon, vodka, and rum. Furthermore, the court found Mr. Toups’ store would have a “drive-thru” service, whereby a customer could buy a mixed drink with adhesive tape on the top, and then re-enter traffic near a church and a school. Like the Council, the court also made note of the “vehement” public citizen comments. Accordingly, the district court found the Council’s decision to overturn |sthe ZBA ruling was “articulably consistent with promoting health, safety, morals and for the general welfare of the community,” pursuant to La. R.S. 33:4721 and its jurisprudence.
Mr. Toups appealed the district court’s judgment affirming the Council’s decision to overturn the ZBA decision and deny the special exception use permit. On original hearing, the court of appeal affirmed the district court’s judgment. Subsequently, the court of appeal, in a divided opinion, granted rehearing and held the “Shreveport City Council acted arbitrarily and capriciously in denying the special exception use, and the trial court’s subsequent determination affirming that decision was in error.” Toups v. City of Shreveport, 44,933 (La.App. 2 Cir. 2/10/10), 37 So.3d 406 (on rehearing).
Upon the City’s application, we granted certiorari to determine the correctness of the court of appeal’s judgment. Toups v. City of Shreveport, 10-1559 (La.11/5/10), 50 So.3d 822. The sole issue presented for our consideration is whether the court of appeal erred in finding the Council acted arbitrarily and capriciously in denying plaintiffs special exception use.
DISCUSSION
Because zoning falls under ■ the jurisdiction of the legislature, courts will not interfere with their prerogative unless the action is palpably erroneous and without any substantial relation to the public health, safety, or general welfare. King v. Caddo Parish Commission, 97-1873 (La.10/20/98), 719 So.2d 410. The terms “arbitrary and capricious” mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. However, when there is room for two opinions, an action is not arbitrary . or capricious when exercised honestly and |4upon due consideration, even though it may be believed an erroneous conclusion has been reached. Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 664 (La.1974).
*1218 Generally, the action of a governmental body is arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public. King, 97-1873 at pp. 14-15, 719 So.2d at 418; Papa v. City of Shreveport, 27,045 at p. 6 (La.App. 2 Cir. 9/29/95), 661 So.2d 1100, 1103.
A challenge to a zoning decision in Louisiana is a de novo proceeding on the issue of whether the result of the legislation is arbitrary and capricious, and therefore a taking of property without due process of law. Palermo Land Co., Inc. v. Planning Com’n of Calcasieu Parish, 561 So.2d 482, 492 (La.1990). Whether an ordinance bears the requisite relationship to the health, safety, and welfare of the public is a factual question which must be determined from the evidence in-the record. The property owner has the burden to establish by a preponderance of the evidence that the decision by the governmental body to deny the variance has no substantial relationship to public health, safety, morals, or general welfare of the municipality. Id. at 493.
In the instant case, the court of appeal found the Council acted arbitrarily and capriciously in denying the special exception use, because its decision was not supported by objective facts. Specifically, the court found Mr. Toups supported his position with “rational and objective facts,” while the opponents merely submitted unsubstantiated opinions regarding increases of traffic and crime which might occur if the special exception use was granted.
We find the court of appeal’s reasoning would impose a requirement on governmental bodies which departs from our established jurisprudence. In contrast |sto the court of appeal’s conclusion, our jurisprudence has long recognized “expressions of opinion made by citizens to a legislative body serve as a manner by which the legislative body learns the will of the people and determines what benefits the public good.” King, 97-1873 at pp. 16, 719 So.2d at 419 (quoting Four States Realty Co., 309 So.2d at 666).
The approach taken by the court of appeal would necessarily require courts to inquire into the motivations and -wisdom of legislative determinations by concluding only those opinions supported by “rational and objective facts” are worthy of acceptance by the legislator. Such a conclusion has been soundly rejected by our decisions. More than eighty years ago, in State v. Hill, 168 La. 761, 765, 123 So. 317, 318 (1929), we stated:
We are not presently concerned with the motives which prompted the lawmakers to pass the act, nor with the question as to whether the law is a good or bad law, a wise or an unwise law. The principle is so well settled that the Legislature is the sole judge of the wisdom and expediency of a statute, as well as the necessity for its passage, that it scarcely calls for citation of authority.
This fundamental principle has been espoused repeatedly during the review of zoning decisions. “The courts may not assume powers and functions which the law has lodged in other agencies of government relative to the adoption and administration of the zoning laws; in other words, a court may not constitute itself as a zoning commission, or ‘super-zoning* commission, or zoning board.” Meyers v. City of Baton Rouge, 185 So.2d 278, 282 (La.App. 1 Cir.1966) (quoting McQuillin, Law of Municipal Corporations, § 25.278). Courts have recognized it “is not within the province of the appellate court to second guess a zoning decision that appears to have been based on appropriate and well-founded concerns for the public.” 6TSC, Inc. v. Bossier Parish Police Jury, 38,717 (La.App. 2 Cir. 7/14/04), 878 So.2d 880.
*1219 Applying these precepts to the case at bar, we find the decision of the Council was reasonably related to promoting the public’s health, safety, and/or general welfare. The opponents to the special exception use raised concerns about the proximity of the store to Calvary Baptist Church and its school, and the ensuing traffic ramifications. The presence of the school in the area suggests it is traveled by many new and inexperienced teenage drivers, who could be placed at increased risk by intoxicated drivers.[4]
We recognize the evidence in the record establishes that three other stores in this same area have special exception uses to sell alcohol. However, these businesses currently have the ability to sell only beer and wine, whereas Mr. Toups’ store would also sell liquors such as bourbon, vodka, and rum. Furthermore, unlike the other stores, the main commodity sold at Mr. Toups’ proposed store is alcohol. Additionally, Mr. Toups’ proposed store would have a “drive-thru” window, where drinks such as frozen daiquiris sealed only by tape could be purchased by a driver who then reenters traffic. The Council could logically assume that these factors, combined with the presence of novice drivers from Calvary Baptist Academy, could increase the likelihood of traffic accidents in the immediate area. Under these circumstances, we cannot say the Council’s decision to deny the special exception use was an arbitrary and capricious decision.
|7The court of appeal also determined the Council violated La. R.S. 26:493, which provides:
Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in 'alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace, [emphasis added]
In City of De Ridder v. Mangano, 186 La. 129, 134, 171 So. 826, 827 (1936), we reviewed the legislative history of La. R.S. 26:493, and concluded the intent of the legislature was to prevent municipalities from enacting such stringent regulations as to amount to a local prohibition:
The municipal council of De Ridder, therefore, has express authority from the Legislature to adopt ordinances regulating barrooms, provided the regulations are consistent with the Constitution and laws of the state, and do not go further than is necessary to protect the public welfare. Obviously, the purpose of this proviso in the statute is to forbid the governing authorities of a parish or municipality to adopt such a stringent regulation of the retail liquor business as would amount to local prohibition, without a vote of the electors of the parish or municipality. The only question here is whether either of the ordinances in contest goes further in the way of regulating barrooms than is necessary for the welfare of the community — specifically, for the safety, peace or morals of the community.
*1220 In the instant case, it is clear the decision of the Council to deny Mr. Toups’ special exception use was not so stringent a regulation as to amount to a local prohibition without a vote of the municipal electors. To the contrary, the Council’s decision was a response to specific concerns raised by citizens concerning potential | ^increases of traffic and crime in the event the special exception use was granted. Such a decision represents a narrowly tailored exercise of the Council’s police powers for the purpose of protecting the public health, morals, safety, and peace.
In summary, we find the Council’s decision to deny Mr. Toups’ request for a special exception use was based on appropriate and well-founded concerns for the public safety, and is not arbitrary or capricious. The court of appeal erred in holding otherwise. Accordingly, the judgment of the court of appeal must be reversed, and the judgment of the district court reinstated.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court is reinstated.

. The parcel of land is owned by Alex Mijalis, Mary C. Mijalis, and Christopher Demopulos as trustee of Christopher Trust and SSD Trust.

. The property owners filed a petition of intervention, joining with Mr. Toups in seeking reversal of the City Council's actions. Several churches in the area also sought to intervene, but their interventions were later dismissed.

. The district court also reversed the Council’s decision denying the rezoning of the property from R-A to B-3. That portion of the district court's ruling has not been appealed, and is not at issue for purposes of this opinion.

. In addition to the opinions advanced by numerous citizens regarding the increase in crime and traffic, the Council also considered FBI statistics showing approximately 40% of all crimes are committed under the influence of alcohol, and a 2005 National Highway Transportation Safety Administration report showing 39% of traffic fatalities involve alcohol, and 21% of children age 14 and younger, killed in motor vehicle accidents, were involved in alcohol-related crashes.