| | | |
|---|---|---|
| VIEUX CARRE PROPERTY OWNERS, RESIDENTS & ASSOCIATES, INC. | * | NO. 2021-CA-0687 |
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| THE CITY OF NEW ORLEANS, THROUGH ITS BOARD OF ZONING ADJUSTMENTS AND DIRECTOR OF DEPARTMENT OF SAFETY AND PERMITS | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02429, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Pro Tempore Judge Madeline Jasmine)

Andrew K. Jacoby
LAW OFFICE OF ANDREW JACOBY, LLC
2118 Pakenham Drive
Chalmette, LA 70043

     COUNSEL FOR PLAINTIFF/APPELLANT

Shawn Lindsay
Daniel T. Smith
Churita H. Hansell
Donesia D. Turner
Sunni J. LeBeouf
CITY ATTORNEYS
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

Robert J. Ellis, Jr.
R.J. ELLIS LAW FIRM
650 Poydras Street
Suite 2615
New Orleans, LA 70130

Salvador I. Bivalacqua
Will C. Griffin
GALANTE & BIVALACQUA LLC
650 Poydras Street
Suite 2615
New Orleans, LA 70130

COUNSEL FOR INTERVENOR/APPELLEE
CHARTERS CAFÉ, LLC/WILLIE'S CHICKEN SHACK

AFFIRMED
**APRIL 6, 2022**

This is an appeal by plaintiff-appellant, Vieux Carré Property Owners, Residents & Associates, Inc. ("VCPORA"), of the district court's August 18, 2021, judgment denying a Petition for Writ of Certiorari to Review the Ruling of the City of New Orleans Board of Zoning Adjustments ("BZA") and the Decision of Director of Department of Safety and Permits to issue a "standard restaurant" occupational license to Charters Café L.L.C., d/b/a Willie's Chicken Shack ("Willie's"). For the following reasons, we affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2019, the Director of the Department of Safety and Permits of Orleans Parish, Zachary Smith, issued an occupational license to Willie's for the property located at 601 Chartres Street in the French Quarter. VCPORA opposed the Director's decision on grounds that the business entity had been improperly classified as a "standard restaurant" rather than a "fast-food" restaurant. Because 601 Chartres Street is zoned as VCC-2 under the Comprehensive Zoning Ordinances ("CZO") of Orleans Parish, standard restaurants are allowed to operate

1

at the location while fast-food restaurants are impermissible. On February 10, 2020, the BZA held a public hearing on VCPORA's appeal of Director Smith's decision. After consideration of the facts and arguments of all parties, the BZA determined that the approval standard for appeals had not been met and accordingly denied VCPORA's appeal and upheld Director Smith's decision to issue the standard restaurant license. On March 11, 2020, VCPORA filed a Petition for Writ of Certiorari to Review the Ruling of the City of New Orleans Board of Zoning Adjustments and the Decision of Director of Department of Safety and Permits in the district court, seeking the reversal of the BZA's ruling as well as the revocation of Willie's occupational license. By judgment dated August 18, 2021, the district court ruled in favor of the City (BZA) and Intervenor (Willie's), denying VCPORA's Petition and dismissing the matter with prejudice. VCPORA timely filed an appeal of this judgment, contending that the district court erred in denying the Petition for Judicial Review.

## STANDARD OF REVIEW

District courts have original jurisdiction to review decisions of an administrative body, such as the BZA. *Dupuis v. City of New Orleans through Zoning Bd. of Zoning Adjustments*, 2017-0052, p. 2 (La. App. 4 Cir. 8/2/17); 224 So.3d 1046, 1048. *See also, e.g.*, *Gertler v. City of New Orleans*, 346 So.2d 228, 233 (La. App. 4 Cir. 1977); *River Oaks–Hyman Pl. H. Civ. A. v. City of New Orleans*, 281 So.2d 293 (La. App. 4 Cir., 1973)("when a district court reviews a decision of an administrative body, it is exercising 'exclusive original jurisdiction'") (citations omitted). The Courts of Appeal, then, exercise appellate jurisdiction over district court decisions concerning the review of decisions of zoning boards. *Dupuis*, 17-0052, p. 3, 224 So.3d at 1049. Thus, "[a] reviewing

2

[appellate] court does not consider whether the district court manifestly erred in its findings, but whether the zoning board acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion." *King v. Caddo Par. Com'n*, 97-1873, pp. 14-15 (La. 10/20/98), 719 So.2d 410, 418.

Because zoning laws and decisions fall within the ambit of a municipality's legislative powers, the decisions of zoning boards are presumed to be valid by reviewing appellate courts. *See*, *Vieux Carré Prop. Owners v. City of New Orleans*, 14-0825, pp. 5-6 (La. App. 4 Cir. 4/15/15), 216 So.3d 873, 877, *writ denied sub nom.*, 15-1147 (La. 9/18/15), 178 So.3d 149 (Citations omitted). However, this presumption of validity is rebuttable; and a party aggrieved by a decision of the BZA is entitled to judicial review through a writ of certiorari. *Id.* 14-0825, p. 6, 216 So.3d at 877. "The purpose of certiorari review…of decisions of boards and quasi-judicial tribunals is to 'determine whether jurisdiction has been exceeded, or to decide if the evidence establishes a legal and substantial basis for the Board's decision.'" *Esplanade Ridge Civic Ass'n v. City of New Orleans*, 13-1062, p. 3 (La. App. 4 Cir. 2/12/14); 136 So.3d 166, 169, quoting *Elysian Fields, Inc. v. St. Martin,* 600 So.2d 69 (La. App. 4 Cir. 1992).

The presumption is sufficiently rebutted if the reviewing court determines that the evidence fails to establish a legal and substantial basis for the decision or that the BZA has exceeded its jurisdiction and acted in an arbitrary and capricious manner. *Id.* (internal quotation and citation omitted). For purposes of review of a zoning decision, "[t]he terms 'arbitrary and capricious' mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case." *Toups v. City of Shreveport*, 10-1559, p. 3, (La. 3/15/11); 60 So.3d 1215, 2017 (citation omitted). "It is only when an action of a

3

zoning commission is found on judicial review to be palpably unreasonable, arbitrary, [or] an abuse of discretion…that such action will be disturbed." *City of Baton Rouge/Par. Of E. Baton Rouge v. Myers*, 13-2011, p. 6 (La. 5/7/14); 145 So.3d 320, 327-28 (citation omitted). "However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached." *Toups*, 10-1559, pp. 3-4, 60 So.3d at 1217 (citation omitted).

"On appeal, '[t]he aggrieved party bears the burden of showing that the BZA decision is arbitrary, capricious, or manifestly erroneous in light of substantial evidence in the record.'" *Dupuis*, 17-0052, p. 5, 224 So.3d at 1049 (quoting *Vieux Carré Prop. Owners*, 14–0825, p. 7, 216 So.3d at 877).

## DISCUSSION

Appellant assigns four errors. First, Appellant argues that the BZA and Director Smith erred by issuing a license before taking the "legally mandated hard-look" at the evidence. Secondly, Appellant alleges that the BZA and Director Smith erred by issuing a license in violation of the "holding bar" ordinance. Third, Appellant argues that the BZA and Director Smith erred by issuing Willie's a license because Appellee does not meet the criteria of "full table service" or "wait staff" as required under the definition of a "standard restaurant." Lastly, Appellant alleges that the BZA and Director Smith erred by issuing a license because of a public policy issue.

Assignments one and three are addressed concomitantly as both hinge upon the alleged misclassification of the property. This Court agrees with the trial court in that the Director Smith's decision to classify the property as a "standard restaurant" and issue the license was neither arbitrary nor capricious. The BZA's

4

decision to uphold Director Smith's classification and licensure likewise failed to meet the arbitrary and capricious standard. After considering the facts presented at the BZA hearing, the BZA presented a well-reasoned argument in favor of upholding Director Smith's decision. At the hearing, the BZA focused on the ambiguity in the language of the controlling ordinances and the strong possibility for one entity to meet the classification criteria for multiple types of businesses. Under the circumstances, this Court finds that the BZA's actions do not meet the threshold to be considered arbitrary and capricious.

This Court further points out that the prevailing jurisprudence states that "when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached." *Toups*, 10-1559, pp. 3-4, 60 So.3d at 1217. Here, the language of the ordinances used to determine the property classifications may be considered vague. Properties often demonstrate overlapping criteria which may cause opposing parties to believe that conflicting classifications are warranted. This is apparent, here. However, this Court affords a presumption of validity to the decisions of a BZA and will not overturn those decision absent an abuse of discretion. *See*, *Vieux Carré Prop. Owners,* 14-0825, p. 6, 216 So.3d at 877, (Citations omitted); *See also*, *Myers*, 13-2011, p. 6; 145 So.3d at 327-28. As we find no abuse of discretion, we decline to disturb the trial court's ruling.

This Court also notes that the proper avenue for interpreting and amending vague and ambiguous legislative language is through legislative action. The proper legislative arm of government (here, the Orleans Parish Council) should be tasked with clarifying the statutory/ordinance language and setting concise parameters for classifying various property usages.

Appellant's second assignment of error – that the BZA and Director Smith erred by issuing a license in violation of the "holding bar" ordinance – is not properly on review before this Court. "A review of the record indicates that this argument is being raised for the first time on appeal. Appellate courts generally find it inappropriate to consider an issue raised for the first time on appeal that was not plead, urged, or addressed in the court below." *Graubarth v. French Mkt. Corp.*, 07-0416, p. 5 (La.App. 4 Cir. 10/24/07); 970 So.2d 660, 664 (citation omitted). Hence, this court pretermits Appellant's second assignment of error.

Lastly, Appellant's fourth assignment of error is without merit. A review of related statutory law and jurisprudence show no indication that Appellee's establishment is against public policy, as Appellant seems to allege. In fact, because Willie's is classified as a "standard restaurant", it is expressly allowed to exist in VCC-2 zoned-areas such as the area in question. There is no violation of law that is inherent to the alleged public policy issue, then. Here, the zoning laws in their current state, however vague and arbitrary they may be, allow for Willie's to be properly classified as a standard restaurant and for that establishment to exist in its current location.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's August 18, 2021, ruling denying Appellant's Petition for Writ of Certiorari to Review the Ruling of the City of New Orleans Board of Zoning Adjustments and the Decision of Director of Department of Safety and Permits to issue a "standard restaurant" occupational license to Willie's Chicken Shack.

**AFFIRMED**